# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAQUAY HILER,
    Plaintiff,

v.                                            Case No. 08-C-0736

WILLIAM POLLARD and MARTHA BRUN,
    Defendants,

## ORDER

Plaintiff, JaQuay Hiler, who is incarcerated at Waupun Correctional Institution, lodged a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.

Under the Prison Litigation Reform Act of 1996 (PLRA), a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prison has acquired three "strikes" under § 1915(g), I must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA. Evans v. Ill. Dep't of Corrs., 150 F.3d 810, 811 (7th Cir. 1998).

The plaintiff has accumulated strikes as follows: 1) Hiler v. Pollard, et al., Case No. 07-C-863 (E.D. Wis.), neural chip claim dismissed December 14, 2007; 2) Hiler v. Erickson,

et al., Case No. 07-C-959 (E.D. Wis.), Eighth Amendment deliberate indifference to mental health claim dismissed July 14, 2008; 3) Hiler v. Erickson, et al., Case No. 08-C-121 (E.D. Wis.), case dismissed April 21, 2008; and 4) Hiler v. Taylor, Case No. 08-C-333 (W.D. Wis), case dismissed July 18, 2008. Plaintiff does not allege that he is under imminent danger of serious physical injury. Because plaintiff has previously filed at least three actions which were dismissed as frivolous, malicious, or for failure to state a claim, I will deny his motion for leave to proceed in forma pauperis.

Nevertheless, plaintiff incurred the filing fee by filing the complaint. Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). The fact that I am denying the request to proceed in forma pauperis would ordinarily mean that the full filing fee of $350.00 would be due within 14 days of this order. Id. Failure to pay in full within the time limits would result in a dismissal. Newlin, 123 F.3d at 434.

However, even if plaintiff were to pay the filing fee in full, I would not allow plaintiff's complaint to proceed because it would be futile. I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court

may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

All of the allegations in plaintiff's complaint are based on his assertion that the Wisconsin Department of Corrections implanted a "20/20 Neural Chip" in his brain. He maintains that he has suffered mentally, physically and sexually as a result of the neural chip, particularly while in the segregation unit at Green Bay Correctional Institution between January 6, 2005 and May 26, 2005. Plaintiff also alleges that the defendants used the neural chip to listen to his conversations while he was at the Wisconsin Resource Center, while he was out of custody and after he was returned to custody following revocation proceedings. Further, plaintiff blames his revocation on aggressive behavior caused by the neural chip.

Two of the cases cited above also contained claims regarding a "neural chip." In an order dated December 14, 2007 in Hiler v. Pollard, et al., Case No. 07-C-863 (E.D. Wis.), I wrote:

> In the present case, plaintiff's claim that the defendants placed a 2020 Neural chip in his body to monitor and manipulate his body functions is "wholly incredible." Denton, 504 U.S. at 33. I am confident that such a chip does not exist and, even if it did, the Wisconsin Department of Corrections would have no incentive to use it against its wards and, moreover, its likely cost and complexity would surely preclude the DOC from doing so. Thus, plaintiff's claim related to the chip will be dismissed as factually frivolous.

3

Likewise, in Hiler v. Taylor, Case No. 08-C-333 (W.D. Wis.), Judge Crabb found that plaintiff's "allegations that he has several neural chips are clearly 'irrational' and 'wholly incredible.'" In an order in that case dated July 18, 2008, she dismissed his complaint as factually frivolous.

"A claim is factually frivolous if its allegations are bizarre, irrational or incredible." Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007) (citing Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002)); cf. Neitzke v. Williams, 490 U.S. 319, 327 (1989) (a claim is factually frivolous under § 1915 if it is "clearly baseless"); Denton v. Hernandez, 504 U.S. 25, 33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). I once again conclude that plaintiff's claim that the Department of Corrections placed a neural chip in his body is factually frivolous. Consequently, all of plaintiff's claims regarding the impact of the supposed neural chip are "irrational" and "wholly incredible." Id.

## CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $342.69 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 3 day of December, 2008.

/s_____
LYNN ADELMAN
District Judge

5

Case 2:08-cv-00736-LA   Filed 12/03/08   Page 5 of 5   Document 14